UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAVON VEREEN,

                Plaintiff,

        vs.

THE CITY OF NEW YORK, 49th PRECINCT OFFICER
DUDLEY, 49th PRECINCT OFFICER RODRIGUEZ,
49th PRECINCT OFFICERS "JOHN DOE" ##1-6",

                Defendants.
------------------------------------------------------------------X

17 Civ. ____

**COMPLAINT**

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, a seventeen year-old high school student, was walking to the playground with friends when 49th precinct police officers unlawfully and unjustifiably detained, assaulted, battered, arrested and held plaintiff for several hours in a jail cell before releasing him.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

1

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff Kavon Vereen currently and at all times relevant was a resident of the city of New York, state of New York, and a citizen of the United States.

7. 49th Precinct Officer Dudley is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, October 26, 2015, he was assigned to the 49th Precinct in Bronx County. Defendant Dudley is being sued herein in his individual capacity.

8. 49th Precinct Officer Rodriguez, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On the date of the incident, October 26, 2015, he was assigned to the 49th precinct in Bronx County. Defendant Rodriguez is being sued herein in his individual capacity.

9. 49th Precinct Officers John Doe ## 1-6, whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are being sued herein by the fictitious designation "John Doe," were at all times relevant herein officers, employees, and agents of the NYPD. On the date of the incident, October 26, 2015, they were assigned to precincts within the confines of Bronx County. Defendants 49th Precinct Officers John Doe ## 1-6 are being sued herein in their individual capacities.

10. At all times relevant herein, defendants 49th Precinct Officers Dudley, Rodriguez, and John Doe ## 1-6 ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks

attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

12. At approximately 4:20 p.m. on October 26, 2015 in the vicinity of 660 Barber Avenue in the County of the Bronx and State of New York, Mr. Vereen and three friends were walking to the playground when defendants Dudley and Rodriguez stopped them and told them to line up against the gate.

13. Mr. Vereen and his friends had done nothing wrong and did not give the police any reason to stop or detain them. Notwithstanding, Mr. Vereen and his friends complied with Dudley and Rodriguez's request and lined up against the gate.

14. Mr. Vereen and his friends asked the officers what happened and why they were being detained. Dudley and Rodriguez provided no explanation and ordered the teenagers to sit on the ground.

15. Mr. Vereen asked the officers why they had to sit on the ground -- where there were dog feces everywhere -- when they had done nothing wrong.

16. Dudley and Rodriguez again provided no explanation.

17. After Mr. Vereen repeated his question two or three times, defendant Dudley suddenly, and without warning, grabbed Mr. Vereen around the neck and threw him to the ground. Shocked, Mr. Vereen reacted by trying to stand up. Defendant Dudley then pushed Mr. Vereen back down onto the ground into the street.

18. Defendant Dudley then wrapped his arm around Mr. Vereen's neck, pinning him on the ground in a chokehold and causing him to have difficulty breathing.

19. Mr. Vereen did not resist arrest at any time.

20. At some point during defendant Dudley's attack on Mr. Vereen, six more officers from the 49th Precinct arrived and observed defendant Dudley using excessive and unnecessary force against Mr. Vereen.

21. Defendants Rodriguez and 49th Precinct Officers John Doe ## 1-6 did nothing to prevent, intervene, or stop defendant Dudley from putting and keeping Mr. Vereen in a chokehold.

22. Defendant Dudley eventually released Mr. Vereen from the chokehold but pinned Mr. Vereen face down on the ground by forcefully putting his knee into Mr. Vereen's back and used his hands to push his head into the ground.

23. Two out of the six John Doe officers helped defendant Dudley by handcuffing and continuing to pin Mr. Vereen to the ground.

24. Mr. Vereen was not resisting and did nothing to justify having several large officers on top of him, pinning his body and head into the ground with great force.

25. Defendants Rodriguez and 49th Precinct Officers John Doe ## 1-6 did nothing to prevent, intervene, or stop Dudley from his continued use of unnecessary excessive force against Mr. Vereen.

26. After what felt like an eternity to Mr. Vereen, the Individual Defendants picked him up, placed him in a patrol car and took him to the 49th precinct.

27. Mr. Vereen was placed in a holding cell. He was never told why he had been arrest, why he was detained, and why he was in a jail cell at the precinct.

28. Mr. Vereen was eventually released at about 11 p.m. that evening.

29. Mr. Vereen was never charged with any crime or violation.

30. The false arrest, false imprisonment, and assault and battery of Mr. Vereen by Defendants caused Mr. Vereen to sustain injuries including but not limited to physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of liberty, loss of reputation, and medical expenses.

31. Plaintiff timely filed a written notice of claim with the Comptroller's Office at 1 Centre Street, New York, New York. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

32. A 50H hearing was held on August 1, 2016.

33. This action has been commenced within one year and ninety days after the events upon which the claims are based.

### FIRST CAUSE OF ACTION
### Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

34. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

35. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty without due process under the Fourteenth Amendment to the Constitution of the United States.

36. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

37. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Fourth Amendment

38. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

39. The use of excessive force by the Individual Defendants against plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

40. The failure of defendants Rodriguez and John Does ##1-6, who had a duty to intervene, prevent, and stop defendant Dudley from unjustifiably grabbing, pushing, throwing, and pinning plaintiff on the ground, was also objectively unreasonable in violation of his rights under the Fourth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF
### Assault

41. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

42. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such

7

contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

43. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

44. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION
### Battery

45. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

46. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

47. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

48. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION
### False Arrest

49. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

50. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

51. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

52. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

53. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

54. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties on October 26, 2015, at the aforementioned location.

55.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.

Dated: January 13, 2016
       New York, New York

ROMANO & KUAN, PLLC

Julia P. Kuan (JK 3822)
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5075
julia.kuan@romanoandkuan.com

*Attorneys for Plaintiff*